IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-08-3377 |
| | § | CRIMINAL ACTION NO. H-06-190 |
| LORENZO RAMON DELAPAZ, | § | |
| | § | |
| Plaintiff/Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION DENYING
§ 2255 MOTION TO VACATE. SET ASIDE OR REDUCE SENTENCE**

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255, is the United States' Response (Document No. 52) to Lorenzo Ramon DeLaPaz' motion for relief under 28 U.S.C. § 2255 (Document No. 50). Having considered DeLaPaz' § 2255 motion, the United States' response thereto, the record of the proceedings before the District Court in the underlying criminal case, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Movant DeLaPaz' § 2255 Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

**I.   Procedural History**

Movant Lorenzo Ramon DeLaPaz ("DeLaPaz"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is DeLaPaz' first motion pursuant to § 2255.

On May 30, 2006, DeLaPaz was charged by Indictment with possession with intent to distribute 500 grams or more of methamphetamine (count 1), and possession with intent to distribute

amphetamine (count 2). (Document No. 12). On September 28, 2006, DeLaPaz pled guilty to count one pursuant to a written Plea Agreement. (Document Nos. 29 &31). Thereafter, following the preparation of a presentence investigation report, to which DeLaPaz filed objections (Document No. 38), DeLaPaz was sentenced to 121 months incarceration, to be followed by a five year term of supervised release, and a $300 fine. (Document No. 41). A Judgment of Conviction was entered on February 12, 2007. (Document No. 45). DeLaPaz did not appeal.

On or about November 3, 2008, DeLaPaz filed a "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3742 and 2255" (Document No. 50). The motion was characterized as a request for relief under 28 U.S.C. § 2255, and the Government was ordered to respond. DeLaPaz was thereafter advised, in accordance with *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 792 (2003), of the restrictions on second or successive § 2255 motions, and of the need to include all of his claims in this § 2255 proceeding. DeLaPaz was also given twenty days to object to the characterization of his motion as solely a request for relief under 28 U.S.C. § 2255. DeLaPaz has filed no objection to the characterization of his motion as solely a request for relief under § 2255. In addition, DeLaPaz has not responded to the Government's argument that he waived, as part of his written Plea Agreement, his right to seek collateral review of his conviction and sentence with a § 2255 proceeding.

**II.     Claims**

DeLaPaz raises essentially one claim: that his sentence should be reduced based on the fact that he, as a deportable alien, does not qualify for the Bureau of Prisons' drug treatment program(s), which would otherwise have entitled him to earn time off his sentence. DeLaPaz maintains that a

reduction in his sentence is warranted to compensate for the fact that he cannot participate in those programs.

The Government, in response to DeLaPaz' motion, maintains that no relief is available to DeLaPaz because he knowingly and voluntarily waived his right to collaterally challenge his conviction and sentence in a § 2255 proceeding such as this. The Government also mentions, but does not urge as a basis for dismissal, that DeLaPaz' § 2255 motion is time-barred.

### III.   Discussion – Waiver

A defendant's waiver of his statutory right to collaterally challenge his conviction with a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is generally enforceable if the waiver is both knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. Davila,* 258 F.3d 448, 451-52 (6th Cir. 2001). When, however, a defendant alleges that his counsel was ineffective in negotiating a plea agreement, such ineffectiveness claims survive the waiver if "the claimed assistance affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) (holding that "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself"). In addition, such waivers do not "preclude review of a sentence that exceeds the statutory maximum." *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004). In the context of a plea agreement waiver, a sentence exceeds the statutory maximum only when it exceeds the maximum allowed by statute. *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005); *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir.), *cert. denied,* 546 U.S. 962 (2005).

In this case, the record shows that DeLaPaz, as part of his written Plea Agreement, waived his right to appeal, including the manner in which his sentence was determined, and waived his right to collaterally challenge his conviction and/or sentence. The Plea Agreement provides in this respect:

### Waiver of Appeal

9. Defendant is aware that Title 18, United States Code, § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined **on any grounds set forth in Title 18 U.S.C. § 3742.** Additionally, the defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding, **including but not limited to Title 28, United States Code, §§ 1651, 2241 and 2255**.

10. The defendant further waives any rights under Title 28, United States Code, § 2241 to challenge the manner in which the sentence is executed or the legality of the defendant's detention. In exchange for the Agreement with the United States, Defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time barred on the date that this Agreement is signed, in the event that (a) Defendant's conviction is later vacated for any reason, (b) Defendant violates any provision of this Agreement, or (c) Defendant's plea is later withdrawn.

11. In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise, **did not induce his guilty plea**, and is not biding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

>    12. The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

Plea Agreement (Document No. 31) at 5-6. In addition, at his Rearraignment, after making sure that DeLaPaz had personally read the Plea Agreement and had conferred with his attorney about the contents of the Plea Agreement, the Court carefully questioned DeLaPaz about the waiver provisions:

>    THE COURT: All right. And then over on Page 4 there's a section called "Waiver of Appeal." It says that you are aware of your right to appeal the sentence imposed and that you agree to waive the right to appeal the sentence, that is, to give up or surrender your right to appeal to a higher court the sentence or the manner in which it was determined on any grounds set forth in the statute under 18, United States Code, Section 3742.
>
>    Do you understand that you are giving up your right to appeal in this agreement?
>
>    THE DEFENDANT: Yes, Your Honor.
>
>    THE COURT: So, if I make a mistake, you have to live with that, cannot appeal to the higher court.
>
>    Do you understand?
>
>    THE DEFENDANT: Yes, Your Honor.
>
>    THE COURT: Then on the next page it says that you also are aware that Title 28 of the United States, Section 2255, affords the right to contest or collaterally attack a conviction or sentence after it has become final.
>
>    Have you ever heard of a writ of habeas corpus?
>
>    THE DEFENDANT: Yes, Your Honor.
>
>    THE COURT: Where did you hear of that?
>
>    THE DEFENDANT: I hear from someone – someone been to court.
>
>    THE COURT: Well, it's the kind of a petition that somebody may file for a writ who is in prison. After your case has been ended, if you plead guilty, if I accept your plea

of guilty, and later on you are sentenced to a time in prison and your case is all concluded and there's no appeal, sometimes a prisoner will then file a new lawsuit to challenge the criminal case in which he was convicted and he might turn against his own lawyer, say his lawyer didn't do a good job or he might do other things.

What this is saying in this plea agreement is that you will not file, you will not contest or collaterally attack your conviction or sentence after conviction or sentence has become filed [sic].

Is that your agreement?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And it also – this agreement also extends to other, not just Section 2255, but any other kind of post-conviction proceeding such as under Section 1651, Section 2241.

You've read all that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: That's your agreement that you are waiving all those rights, too?

THE DEFENDANT: Yes, Your Honor.

Rearraignment Transcript (Document No. 49) at pp. 8-10. Following additional admonishments, the Court determined that DeLaPaz' guilty plea was knowing and voluntary. *Id.* at 21-22.

DeLaPaz's plea agreement waiver of his right to collaterally attack his conviction and/or sentence with a § 2255 motion is, upon this record, enforceable. DeLaPaz has not alleged that his Plea Agreement or the waivers contained therein were not knowing and voluntary. In addition, DeLaPaz has not asserted any ineffectiveness claims which have any bearing on the knowing and voluntary nature of his Plea Agreement and the waivers contained therein. The record shows that DeLaPaz affirmed having read the entire Plea Agreement and having discussed its contents with counsel. In addition, DeLaPaz affirmed that the Plea Agreement contained the entirety of his

agreement with the Government and acknowledged that any sentence prediction that he had received from his counsel or the Government was a prediction, not a promise. In addition, DeLaPaz' sentence does not exceed the statutory maximum – that is, the maximum sentence allowed by statute. *See United States v. Bond*, 414 F.3d at 542, 545-46 (2005) (construing phrase "statutory maximum" in a plea agreement waiver to mean "'the upper limit of punishment that Congress has legislatively specified for violations of a statute'"). Accordingly, the plea agreement waiver is enforceable and this § 2255 proceeding is subject to dismissal.

### IV. Conclusion and Recommendation

Based on the foregoing and the conclusion that DeLaPaz knowingly and voluntarily waived his right to collaterally attack his conviction, the Magistrate Judge

RECOMMENDS that Movant Lorenzo Roman DeLaPaz' Motion to Reduce Sentence (Document No. 50), which has been construed as a § 2255 Motion to Vacate, set Aside or Correct Sentence, be DENIED, and that this § 2255 proceeding be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile*

*Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 11TH day of June, 2009.

Frances H. Stacy
United States Magistrate Judge